**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 11-5165**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

ROBERT DEMETRIUS CRONER, a/k/a Meat,

                Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Irene C. Berger, District Judge. (5:11-cr-00090-2)

─────────────

Submitted: June 11, 2012          Decided: June 22, 2012

─────────────

Before AGEE, DAVIS, and WYNN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Barry P. Beck, POWER, BECK & MATZUREFF, Martinsburg, West Virginia, for Appellant. Miller A. Bushong, III, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Demetrious Croner pled guilty to one count of conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846 (2006). He was sentenced to 151 months in prison. In accordance with Anders v. California, 386 U.S. 738 (1967), Croner's attorney has filed a brief certifying that there are no meritorious issues for appeal but questioning whether the district court (1) erred in increasing Croner's offense level based on his leadership role in the offense; (2) properly calculated Croner's Criminal History Category; and (3) imposed a reasonable sentence. Although informed of his right to due so, Croner has not filed a supplemental pro se brief. We affirm.

Croner first challenges the three-level enhancement imposed for his leadership role in the conspiracy. Section 3B1.1(b), U.S. Sentencing Guidelines Manual ("USSG") (2010), provides for such an increase where the defendant served as a manager or supervisor of criminal activity that involved five or more participants or was otherwise extensive. We review for clear error a district court's finding that a defendant held a leadership role in the crime. United States v. Thorson, 633 F.3d 312, 317 (4th Cir. 2011).

Here, Croner admitted to his leadership role in the conspiracy. Further, his presentence report ("PSR") indicated that the conspiracy involved more than five people in a large-

scale scheme to traffic marijuana from Arizona to West Virginia. Accordingly, the district court's application of USSG § 3B1.1(b) was not clearly erroneous.

We also review for clear error the district court's calculation of Croner's Criminal History Category. United States v. McManus, 23 F.3d 878, 882 (4th Cir. 1994). Having carefully reviewed the record and counsel's relevant objections below, we find no error in the district court's determination of Croner's Criminal History Category.

Finally, we consider Croner's general challenge to the reasonableness of his sentence. We review a sentence for reasonableness using an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include improperly calculating the Guidelines range, failing to consider the § 3553(a) sentencing factors, sentencing using clearly erroneous facts, or failing to adequately explain the sentence. Gall, 552 U.S. at 51. Only if we find a sentence procedurally reasonable may we consider its substantive reasonableness. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Here, we discern no basis to conclude that Croner's within-Guidelines sentence was either procedurally or substantively

3

unreasonable.  See United States v. Powell, 650 F.3d 388, 395 (4th Cir.) (noting this court presumes sentence within applicable Guidelines range to be reasonable), cert. denied, 132 S. Ct. 350 (2011).

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal.  We therefore affirm Croner's conviction and sentence.  This court requires that counsel inform Croner, in writing, of his right to petition the Supreme Court of the United States for further review.  If Croner requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Croner.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED